UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| KRIS HOSPITALITY LLC § <br> D/B/A DAYS INN, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> TRI-STATE INSURANCE COMPANY § <br> OF MINNESOTA, JAMES R. AMATO § <br> AND SOUTH TEXAS CLAIMS AND § <br> APPRAISAL SERVICE, INC. § <br> § <br> Defendants. § | Civil Case No. 5:16-cv-1229 |

DEFENDANT TRI-STATE INSURANCE COMPANY OF MINNESOTA'S
NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Tri-State Insurance Company of Minnesota respectfully petitions this Court for removal of the above-entitled action to the United States District Court for the Western District of Texas, from the 45th Judicial District Court, Bexar County, Texas, and for its Notice of Removal states:

I.
REMOVAL JURISDICTION

1. The action entitled, *Kris Hospitality LLC D/B/A Days Inn v. Tri-State Insurance Company of Minnesota, James R. Amato and South Texas Claims and Appraisal Service, Inc.,* pending in the 45th Cause No. 2016CI19263 was commenced via the filing of Plaintiff's Original Petition (the "Petition") on or about November 3, 2016.

2.	Tri-State Insurance Company of Minnesota's registered agent received the citation and Petition via certified mail on November 10, 2016. Accordingly, this notice of removal is timely filed pursuant to 28 U.S.C. § 1446(b).

3.	Plaintiff alleges causes of action against Defendant Tri-Star for breach of contract, violations of the Texas Insurance Code, DTPA violations, and common law bad faith. *See* Petition at 5-8. Plaintiff alleges causes of action against Defendant Amato for violations of the Texas Insurance Code, DTPA violations, and common law bad faith. *Id.* at 8-10. Plaintiff alleges causes of action against Defendant South Texas Claims for violations of the Texas Insurance Code and DTPA violations. *Id.* at 11-13. Plaintiff seeks actual and consequential damages, attorneys' fees, pre-and post judgment interest, 18% statutory penalty interest, exemplary and/or treble damages, and court costs. *Id.* at 13. Plaintiff pleads money damages in excess of $200,000.00. *Id.* at 3. Thus, the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied.

4.	Plaintiff is a Limited Liability Company whose member is a citizen of Texas and whose principal place of business is in Bexar County, Texas. *Id.* at 2. Defendant Tri-State is an Iowa corporation with its principal place of business at 11201 Douglas Ave., Urbandale, IA, 50322. Defendant Amato is a citizen of Texas. Defendant South Texas Claims is alleged to be a domestic corporation. Defendants Amato and South Texas Claims have been improperly joined and their citizenship should be ignored for the purposes of determining diversity jurisdiction. Thus, removal is proper because there is complete diversity between the properly named parties under 28 U.S.C. § 1332.

5.	Improper joinder may be established by showing "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the

non-diverse party in state court." *Smallwood v. Illinois Cent. R. Co.*, 285 F.3d 568, 573 (5th Cir. 2004) (internal quotation marks omitted).  Under the second prong, which is at issue in this case, a defendant must demonstrate "there is no possibility of recovery by the plaintiff against an in-state defendant, which stated another way, means there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*  A court conducts a "Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.*  The Fifth Circuit requires a court to apply the federal pleading standard, as opposed to a state's particular pleading standard, when conducting this analysis. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016).  The federal pleading standard requires a pleading, "must have contained enough facts to state a claim to relief that is plausible on its face," providing more than a mere possibility of recovery.  *Id.* at 200 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  A theoretical basis is not sufficient and there must be a "factual fit between the plaintiff's allegation and the pleaded theory of recovery." *Twombly*, 550 U.S. at 556.  The pleading must provide more than "labels and conclusions" and do more than just restate the elements of a cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When a court determines that non-diverse parties have been improperly joined, the court must dismiss the non-diverse parties without prejudice. *Int'l Energy Ventures Mgmt., L.L.C.*, 818 F.3d at 209.

6. In order to state a claim against adjusters such as Defendants Amato and South Texas Claims, a plaintiff "must allege that [the adjuster defendant] as an individual, committed the violation that caused the harm."  *Moore v. State Farm Mut. Auto Ins. Co.*, 2012 U.S. Dist. LEXIS 127564, *8-9 (S.D. Tex. September 6, 2012) (emphasis added) (citing *Hornbuckle v.*

*State Farm Lloyds*, 285 F.3d 538, 544 (5th Cir. 2014).  A petition that alleges the same offending conduct by both the carrier and the adjuster, producing the same injury, fails to state actionable conduct by the non-diverse defendant." *See Studer v. State Farm Lloyds*, 2013 U.S. Dist. LEXIS 183915, *10 (E.D. Tex. Dec. 18, 2013).  While Texas law may subject adjusters to liability for certain violations of the Texas Insurance Code, an individual adjuster "must have committed some act that is prohibited by the section, not just be connected to an insurance company's denial of coverage." *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014).  Further, there can be no recovery for extra-contractual damages for mishandling of claims unless the complained of actions or omissions caused injury independent of those that would have resulted from a wrongful denial of policy benefits."  *Parkan Int., LLC v. Zurich Ins. Co.*, 299 F.3d 514, 519 (5th Cir. 2002) (citing *Provident American Ins. Co. v. Castaneda*, 988 S.W. 2d 189, 198 (Tex. 1998)).

      7.    Tri-State asserts that Plaintiff has failed to plead facts that would provide the Court a reasonable basis to conclude Plaintiff has a valid claim against Defendants Amato and South Texas Claims.  Tri-State asserts Plaintiff has failed to plead facts sufficient to establish a reasonable possibility of recovery for any injury independent of the wrongful denial of policy benefits caused by Defendants Amato and South Texas Claims.  *See* Petition at 8-13.

      8.    Tri-State asserts Plaintiff's pleading merely contains vague and conclusory statements with little to no factual support.  Because Plaintiff has not pleaded facts which would provide a reasonable basis to allow this Court to reasonably conclude Plaintiff may recover against Defendants Amato and South Texas Claims, the Court should disregard the citizenship of these Defendants for purposes of determining diversity jurisdiction.  *See Id.*

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because the state court where the suit has been pending is located in this district and division.

10. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Tri-State in the state court action are attached to this notice. *See* Exhibit A.

11. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will promptly be given to all parties and to the clerk of the District Court, 45th Judicial District of Bexar County, Texas.

12. Pursuant to Federal Rule of Civil Procedure 38, Tri-State demands a trial by jury.

## II.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Tri-State respectfully gives notice that this state court action has been removed and placed on this Court's docket for further proceedings. Tri-State further requests any additional relief to which it may be justly entitled.

Respectfully submitted,

*/s/ Jennifer G. Martin*_____
**JENNIFER G. MARTIN**
Texas State Bar No. 00794233
Email: jennifer.martin@wilsonelser.com
**MICHAEL D. ROSE**
Texas State Bar No. 24035610
Email: michael.rose@wilsonelser.com

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**
Bank of America Plaza
901 Main Street, Suite 4800
Dallas, Texas 75202-3758
(214) 698-8000 Phone
(214) 698-1101 Facsimile

**ATTORNEYS FOR DEFENDANTS**
**TRI-STATE INSURANCE COMPANY**
**OF MINNESOTA**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to the following counsel of record in accordance with the Federal Rules of Civil Procedure, on this 5th day of December, 2016.

Marc E. Gravely
Jonathan C. Lisenby
Gravely & Pearson, L.L.P.
425 Soledad, Suite 600
San Antonio, TX  78205

*/s/ Jennifer G. Martin*_____
**JENNIFER G. MARTIN**