# EXHIBIT A

## BEXAR COUNTY DISTRICT CLERK
# DONNA KAY McKINNEY

| HOME | CIVIL | CRIMINAL | MAGISTRATE | ONLINE SERVICES | DOWNLOADS | COST & REGISTRY | CHILD SUPPORT | FAQ's | BEXAR.ORG |

New Search

<-- Previous Page

|  |  |
|---|---|
| Cause Number: | 2016CI19263 |
| Style: | KRIS HOSPITALITY LLC |
|  | vs TRI-STATE INSURANCE COMPANY OF MINNESOTA ET AL |
| Court: | 045 |
| Date Filed: | 11/03/2016 |
| Docket Type: | INSURANCE |
| Case Status: | PENDING |

| Seq | Last Name | Suffix | First | Middle | Date Filed | Litigant Type |
|---|---|---|---|---|---|---|
| 00001 | KRIS HOSPITALITY LLC |  |  |  | 11/03/2016 | PLAINTIFF |
| 00002 | DAYS INN |  |  |  | 11/03/2016 | PLAINTIFF |
| 00003 | TRI-STATE INSURANCE COMPANY OF MINNESOTA |  |  |  | 11/03/2016 | DEFENDANT |
| 00004 | AMATO |  | JAMES | R | 11/03/2016 | DEFENDANT |
| 00005 | SOUTH TEXAS CLAIMS AND APPRAISAL SERVICE INC |  |  |  | 11/03/2016 | DEFENDANT |

Page: 1

https://apps.bexar.org/dklitsearch/search.aspx                    11/30/2016



GERARD C. RICKHOFF          DONNA KAY McKINNEY

## COUNTY CLERK & DISTRICT CLERK
## COURT RECORDS SEARCH

---

# Case #2016CI19263

<u>Name</u>:

<u>Date Filed</u> : 11/03/2016

<u>Case Status</u> : PENDING

<u>Litigant Type</u> : PLAINTIFF

<u>Court</u> : 045

<u>Docket Type</u> : INSURANCE

<u>Business Name</u> : KRIS HOSPITALITY LLC

<u>Style</u> : KRIS HOSPITALITY LLC

<u>Style (2)</u> : vs TRI-STATE INSURANCE COMPANY OF MINNESOTA ET AL

# Case History

*Currently viewing 1 through 6 of 6 records*

| Sequence | Date Filed | Description |
|----------|-----------|-------------|
| S00003 | 11/4/2016 | CITATION CERTIFIED MAIL<br>SOUTH TEXAS CLAIMS AND APPRAISAL SERVICE INC<br>ISSUED: 11/4/2016 |
| S00002 | 11/4/2016 | CITATION CERTIFIED MAIL<br>JAMES R AMATO<br>ISSUED: 11/4/2016 |
| S00001 | 11/4/2016 | CITATION CERTIFIED MAIL<br>TRI-STATE INSURANCE COMPANY OF MINNESOTA<br>ISSUED: 11/4/2016 RECEIVED: 11/4/2016<br>EXECUTED: 11/10/2016 RETURNED: 11/14/2016 |
| P00003 | 11/3/2016 | JURY DEMAND JURY FEE PAID |
| P00002 | 11/3/2016 | SERVICE ASSIGNED TO CLERK 2 |
| P00001 | 11/3/2016 | PETITION<br>WITH JURY DEMAND |

FILED
11/3/2016 4:00:18 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Laura Rodriguez

Case 5:16-cv-01229-XR   Document 1-1   Filed 12/05/16   Page 5 of 25

3 cits cml/sac2

CAUSE NO. **2016CI19263**

| | | |
|---|---|---|
| KRIS HOSPITALITY LLC | § | IN THE DISTRICT COURT |
| D/B/A DAYS INN, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **45th** JUDICIAL DISTRICT |
| | § | |
| TRI-STATE INSURANCE COMPANY | § | |
| OF MINNESOTA, JAMES R. AMATO and | § | |
| SOUTH TEXAS CLAIMS AND APPRAISAL | § | |
| SERVICE, INC. | § | |
| Defendant. | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, KRIS HOSPITALITY LLC D/B/A DAYS INN, and files this Original Petition against Defendants, TRI-STATE INSURANCE COMPANY OF MINNESOTA ("Tri-State"), JAMES R. AMATO ("Amato") and SOUTH TEXAS CLAIMS AND APPRAISAL SERVICE, INC. ("South Texas Claims") for cause of action would respectfully show the Court the following:

### I. DISCOVERY LEVEL

Pursuant to Rule 190 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under Level 3.

### II. VENUE

Venue is appropriate in Bexar County, Texas because all or part of the conduct giving rise to the causes of action were committed in Bexar County, Texas and Plaintiff and property which is the subject of this suit are located in Bexar County, Texas.

### III. PARTIES

Plaintiff is a Limited Liability Company whose member is a citizen of Texas and whose principal place of business is in Bexar County, Texas.

Defendant, TRI-STATE INSURANCE COMPANY OF INNESOTA is in the business of insurance in the State of Texas.  The insurance business done by TRI-STATE INSURANCE COMPANY OF MINNESOTA in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with Plaintiff;

- The taking or receiving of application for insurance, including Plaintiff's application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from Plaintiff; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including Plaintiff.

Defendant, TRI-STATE INSURANCE COMPANY OF MINNESOTA, may be cited with process by *Certified Mail, Return Receipt Requested* to the attorney for service, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

Defendant, JAMES R. AMATO is a citizen of the State of Texas, engaged in the business of insurance in the State of Texas.  Defendant may be served with process at 1917 Springbranch Drive, Arlington, Texas 76006.  *Plaintiff requests that citation be issued so that service may be made by private process server.*

Defendant, SOUTH TEXAS CLAIMS AND APPRAISAL SERVICE, INC., is a domestic for-profit corporation engaged in the business of insurance in the State of Texas.  Defendant may be served with process by serving it registered agent, Lee T. Massey, at 4407 Walzem Road, Suite

2

101, San Antonio, Texas 78218. *Plaintiff requests that citation be issued so that service may be made by private process server.*

## IV. Nature of the Case; Relief Sought

This is a first-party insurance case stemming from extensive damage to Plaintiff's business from a wind/hail event on or about April 12, 2016.   Plaintiff seeks damages for breach of contract and violations of the Texas Insurance Code.   Plaintiff also seeks his attorney's fees, statutory penalties, costs of court and pre- and post-judgment interest. As required by Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $200,000.00 but not more than $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

## V. Background Facts

Plaintiff owns a hotel located at 542 NE Loop 410, San Antonio, Texas 78216 (the "Property").

The Property is covered by a policy of insurance which Defendant Tri-State Insurance Company of Minnesota sold to Plaintiff (the "Policy").   The Policy is a Commercial Property Policy No. ADV 4713866-10 issued by Tri-State Insurance Company of Minnesota, for the policy period of March 24, 2016 to March 24, 2017.  The Policy covered Plaintiff's property against loss by hail, wind and water damage, among other perils.

As the consequence of a storm on or about April 12, 2016, Plaintiff's property sustained extensive hail and water related damage to the exterior and interior.

Plaintiff has performed all conditions precedent to its recovery under the Policy.

Plaintiff gave timely notice to the carrier.

Tri-State assigned the claim to its adjuster, Jim Amato to investigate and report on the loss.

3

Plaintiff has suffered property damage which has not been paid, even though the amounts are well-established and have been provided to Tri-State and Amato.

Tri-State has failed to make an attempt to settle Plaintiff's claim in a fair manner, although its liability to Plaintiff under the Policy is without dispute. This conduct is in violation of Tex. Ins. Code Sec. 541.060(a)(2)(A).

Tri-State has failed to explain the reasons for an offer of inadequate compensation. Tri-State has failed to offer Plaintiff adequate compensation without any explanation why full payment was not being made. Tri-State did not communicate that any future settlements or payments would be forthcoming to pay the entire losses covered under the Policy. This conduct violates Tex. Ins. Code Sec. 541.060(a)(3).

Tri-State refused to fully compensate Plaintiff under the terms of the Policy even though Tri-State failed to conduct a reasonable investigation. Tri-State performed a result-oriented investigation of Plaintiff's claim which resulted in an unfair, biased and inequitable evaluation of Plaintiff's losses. This conduct is in violation of Tex. Ins. Code Sec. 541.060(a)(7).

Tri-State failed to meets its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning the investigation of Plaintiff's claim, requesting all information reasonably necessary to investigate Plaintiff's claim and fully paying Plaintiff's claim within the time period mandated by statute. This conduct is in violation of Tex. Ins. Code Sec 542.055.

Tri-State failed to accept or deny Plaintiff's full and entire claim within the time period mandated by statute. This conduct is a violation of Tex. Ins. Code Sec. 542.056.

Tri-State failed to meet its obligation under the Texas Insurance Code regarding payment of the claim without delay. This conduct is in violation of Tex. Ins. Code Sec. 542.058.

4

Tri-State breached the policy of insurance by failing to pay for the covered damages to the properties. In addition, Plaintiff seeks extra-contractual damages from Tri-State for their handling of the claim. Plaintiff provided Tri-State with more than adequate information to determine coverage.

## VI.   CLAIMS AGAINST TRI-STATE INSURANCE COMPANY

Plaintiff asserts claims for declaratory judgment, breach of contract, violations of the Texas Insurance Code and bad faith relating to the loss to the Property. Plaintiff owns and/or is an insured on the Property.

**Declaratory Judgment.** Plaintiff re-alleges the foregoing paragraphs. Pursuant to Texas Civil Practices and Remedies Code, Chapter 37. Plaintiff seeks a declaration that the Policy provides coverage for the cost to repair the damaged property, less only a deductible, among other things. In the alternative, Plaintiff asserts that the Policy is ambiguous and must be interpreted in favor of coverage and against the Defendant.

**Breach of Contract.** Plaintiff re-alleges the foregoing paragraphs. The acts and omissions of Tri-State and its agents constitute a breach of Tri-State's contract with Plaintiff. Plaintiff has satisfied all conditions precedent to the fulfillment of their contractual demands. The damage to Plaintiff's property caused by the storm is covered under the policy issued by Tri-State and Tri-State has failed to pay for all covered damage. Accordingly, additionally or in the alternative, Plaintiff brings an action for breach of contract against Tri-State pursuant to Texas statutory and common law, including Chapter 38 of the Texas Civil Practice and Remedies Code, and seeks all of its damages for such breach, including actual damages, consequential damages, attorneys' fees, prejudgment interest, other litigation expenses and costs of court.

**Violations of the Texas Insurance Code.** Plaintiff re-alleges the foregoing paragraphs. At all pertinent times, Tri-State was engaged in the business of insurance as defined by the Texas Insurance Code. The acts and omissions of Tri-State and its agents constitute one or more violations of the Texas Insurance Code.  Specifically, Tri-State failed to conduct a reasonable investigation and timely and fully pay Plaintiff for the damage to its property.  Instead of evaluating the damage objectively, Tri-State, through its agents, looked for ways to underpay Plaintiff's claim.    Tri-State's conduct described herein violates the following provisions of the Texas Insurance Code:

1.   Insurance Code chapter 542, the Prompt Payment Act.

2.   Insurance Code § 542.003(b)(5) and 28 TAC § 21.203.

3.   Insurance Code chapter 541, section 541.060 by, among other things:

   • failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;

   • failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which liability has become reasonably clear in order to influence Plaintiff to settle its claim with respect to another portion of the policy;

   • failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claims;

   • refusing to affirm or deny coverage within a reasonable time; and/or

   • refusing to pay Plaintiff's claim without conducting a reasonable investigation.

Where statements were made by the Tri-State, Plaintiff reasonably relied upon them.  As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiff, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages.  Moreover, one or more of the foregoing acts or omissions

were "knowingly" made, entitling Plaintiff to seek treble damages pursuant to the Insurance Code. Tri-State has also violated the Prompt Payment Act, and Plaintiff seeks 18% damages as a penalty, plus reasonable and necessary attorney's fees incurred as a result of these violations.

**Violations of the Texas Deceptive Trade Practices Act.**   Plaintiff re-alleges the foregoing paragraphs.  At all times pertinent, Plaintiff was a "consumer" as defined in Section 17.45(4) of the Texas Business and Commerce Code, the Texas Deceptive Trade Practice Act ("DTPA").

The Defendant and its agents violated provisions of the DTPA, including the following:

- violations of Texas Insurance Code as set forth above;

- representing that the Policy had benefits which it did not have;

- representing that the Policy conferred or involved rights and remedies that it did not have;

- promulgating and selling a Policy which is essentially worthless, provides little or no coverage, and is illusory;

- misrepresenting the terms of an agreement;

- representing that the Policy had characteristics, standards, or coverage which it did not have;

- failing to disclose information that was known at the time of the purchase of the Policy because it was intended to induce Plaintiff into purchasing the Policy; and/or

- engaging in an unconscionable act or course of action.

The deceptive acts and practices as alleged herein were committed in connection with Plaintiff's purchase of and claim under the Policy. Plaintiff relied on the false, misleading and deceptive acts and practices as above alleged to its detriment, and the conduct described above was the producing cause of injury and damage to Plaintiff.  As a result of the foregoing conduct, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages.

One or more of the foregoing acts or omissions were "knowingly" made. Accordingly, Plaintiff will seek treble damages pursuant to DTPA Section 17.50(b)(1).

**Common Law Bad Faith.** Plaintiff re-alleges the foregoing paragraphs. Tri-State has refused to pay or delayed in paying a claim after liability has become reasonably clear. Tri-State has refused to pay, delayed in paying or offered grossly inadequate and unconscionable sums to settle the claims submitted by Plaintiff. This constitutes a breach of its common law duty of good faith and fair dealing' *i.e.*, it is acting in "bad faith."

Moreover, Tri-State has "investigated" and "adjusted" Plaintiff's claim in a malicious, intentional, fraudulent and/or grossly negligent fashion, and Plaintiff is entitled to extra-contractual damages, including exemplary damages. Plaintiff has sustained serious damage to its property as a result of Tri-State's refusal to honor the Policy. Tri-State is well aware that its actions involve an extreme risk that Plaintiff will suffer financial damage as a result of its refusal to honor its obligations, yet it is consciously indifferent to Plaintiff's rights. Plaintiff is entitled to recover its actual damages, consequential damages, punitive damages, and pre-and post-judgment interest.

## VII.   CLAIMS AGAINST AMATO

**Violations of the Texas Insurance Code.** Plaintiff re-alleges the foregoing paragraphs. At all pertinent times, Amato was engaged in the business of insurance as defined by the Texas Insurance Code. The acts and omissions of Amato constitute one or more violations of the Texas Insurance Code. Specifically, Amato failed to conduct a reasonable investigation. Instead of evaluating the damage objectively, Amato looked for ways to underpay Plaintiff's claim and conducted a pre-textual investigation into whether the roof damage in question amounted to more than mere "cosmetic" damage. At all times during the course of Amato's investigation it was reasonably clear that the damage to Plaintiff's roof was caused by the hail storm at issue in this suit. In addition, it was reasonably clear that the damage was more than superficial and would

prevent the roof from continuing to function as a barrier to entrance of the elements to the same extent as it did before the damage occurred.  On or about May 5, 2016, Amato instructed Mark Massey, adjuster for South Texas Appraisal, and agent of Tri-State, to inspect, adjust and report on the loss. Massey concluded, and Amato adopted, the opinion that the damage to Plaintiff's roof was cosmetic.  This representation was false at the time it was made and continues to be false today.

Amato's conduct described herein violates the following provisions of the Texas Insurance Code:

- Insurance Code chapter 541, section 541.060 by, among other things:

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;

- failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claims;

- refusing to affirm or deny coverage within a reasonable time; and/or

- refusing to pay Plaintiff's claim without conducting a reasonable investigation.

Where statements were made by the Amato, Plaintiff reasonably relied upon them.  As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiff, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages.  Moreover, one or more of the foregoing acts or omissions were "knowingly" made, entitling Plaintiff to seek treble damages pursuant to the Insurance Code.

**Violations of the Texas Deceptive Trade Practices Act.** Plaintiff re-alleges the foregoing paragraphs.  At all times pertinent, Plaintiff was a "consumer" as defined in Section 17.45(4) of the Texas Business and Commerce Code, the Texas Deceptive Trade Practice Act ("DTPA").

Amato violated provisions of the DTPA, including the following:

- violations of Texas Insurance Code as set forth above;

- misrepresenting the terms of an agreement;

- engaging in an unconscionable act or course of action.

The deceptive acts and practices as alleged herein were committed in connection with Plaintiff's claim under the Policy. Plaintiff relied on the false, misleading and deceptive acts and practices as above alleged to its detriment, and the conduct described above was the producing cause of injury and damage to Plaintiff. As a result of the foregoing conduct, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages.

One or more of the foregoing acts or omissions were "knowingly" made. Accordingly, Plaintiff will seek treble damages pursuant to DTPA Section 17.50(b)(1).

**Common Law Bad Faith.** Plaintiff re-alleges the foregoing paragraphs. Amato has refused to pay or delayed in paying a claim after liability has become reasonably clear. Amato has refused to pay, delayed in paying or offered grossly inadequate and unconscionable sums to settle the claims submitted by Plaintiff. This constitutes a breach of its common law duty of good faith and fair dealing' *i.e.*, it is acting in "bad faith."

Moreover, Amato has "investigated" and "adjusted" Plaintiff's claim in a malicious, intentional, fraudulent and/or grossly negligent fashion, and Plaintiff is entitled to extra-contractual damages, including exemplary damages. Plaintiff has sustained serious damage to its property as a result of Amato's refusal to honor the Policy. Amato is well aware that his actions involve an extreme risk that Plaintiff will suffer financial damage as a result of his refusal to honor his

obligations, yet is consciously indifferent to Plaintiff's rights.  Plaintiff is entitled to recover its actual damages, consequential damages, punitive damages, and pre-and post-judgment interest. that a jury be convened to try the factual issues in this action.

### VIII.   CLAIMS AGAINST SOUTH TEXAS CLAIMS AND APPRAISAL SERVICES

**Violations of the Texas Insurance Code.**  Plaintiff re-alleges the foregoing paragraphs. At all pertinent times, South Texas Claims was engaged in the business of insurance as defined by the Texas Insurance Code. The acts and omissions of South Texas Claims constitute one or more violations of the Texas Insurance Code.  Specifically, South Texas Claims failed to conduct a reasonable investigation.  Instead of evaluating the damage objectively, South Texas Claims, through its employee/agent, Mark Massey looked for ways to underpay Plaintiff's claim and conducted a pre-textual investigation into whether the roof damage in question amounted to more than mere "cosmetic" damage.  At all times during the course of South Texas Claims' investigation it was reasonably clear that the damage to Plaintiff's roof was caused by the hail storm at issue in this suit. In addition, it was reasonably clear that the damage was more than superficial and would prevent the roof from continuing to function as a barrier to entrance of the elements to the same extent as it did before the damage occurred.  On or about May 5, 2016, Amato instructed Mark Massey, adjuster for South Texas Appraisal, and agent of Tri-State, to inspect, adjust and report on the loss. Massey concluded on behalf of South Texas Claims, and Amato adopted, the opinion that the damage to Plaintiff's roof was cosmetic.  This representation was false at the time it was made and continues to be false today.

Amato's conduct described herein violates the following provisions of the Texas Insurance Code:

- Insurance Code chapter 541, section 541.060 by, among other things:

11

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;

- failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claims;

- refusing to affirm or deny coverage within a reasonable time; and/or

- refusing to pay Plaintiff's claim without conducting a reasonable investigation.

Where statements were made by South Texas Claims, Plaintiff reasonably relied upon them. As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiff, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages. Moreover, one or more of the foregoing acts or omissions were "knowingly" made, entitling Plaintiff to seek treble damages pursuant to the Insurance Code.

**Violations of the Texas Deceptive Trade Practices Act.** Plaintiff re-alleges the foregoing paragraphs. At all times pertinent, Plaintiff was a "consumer" as defined in Section 17.45(4) of the Texas Business and Commerce Code, the Texas Deceptive Trade Practice Act ("DTPA").

Amato violated provisions of the DTPA, including the following:

- violations of Texas Insurance Code as set forth above;

- misrepresenting the terms of an agreement;

- engaging in an unconscionable act or course of action.

The deceptive acts and practices as alleged herein were committed in connection with Plaintiff's claim under the Policy. Plaintiff relied on the false, misleading and deceptive acts and practices as above alleged to its detriment, and the conduct described above was the producing cause of injury and damage to Plaintiff. As a result of the foregoing conduct, Plaintiff has suffered

damages including, without limitation, actual damages, economic damages, and consequential damages.

One or more of the foregoing acts or omissions were "knowingly" made. Accordingly, Plaintiff will seek treble damages pursuant to DTPA Section 17.50(b)(1).

### IX. REQUEST FOR DISCLOSURE

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiff requests that Defendants provide the information required in a Request for Disclosure.

### X. JURY DEMAND

Plaintiff requests that a jury be convened to try the factual issues in this action.

### XI. PRAYER

WHEREFORE, Plaintiff seeks the following relief:

A.      The Court's declaration that the Policy provides coverage for the damage to the property, less only a deductible;

B.      Alternatively, a ruling that the Policy is ambiguous and must be interpreted in favor of coverage and in favor of Plaintiff;

C.      Damages against Defendant Tri-State Insurance Company for breach of contract, including actual damages, consequential damages, attorneys' fees, pre- and post-judgment interest, other litigation expenses and costs of court;

D.      Penalty in the amount of 18% damages for violations of the Prompt Payment Act;

E.      Damages against the Defendants, jointly and severally, for Insurance Code and extra-contractual claims including actual, exemplary and/or treble damages;

F.      Attorneys' Fees;

G.      Any other relief to which Plaintiff would be justly entitled.

Respectfully submitted,

**GRAVELY & PEARSON, L.L.P.**
425 Soledad, Suite 600
San Antonio, Texas 78205
Telephone: (210) 472-1111
Facsimile: (210) 472-1110

By: _____
Marc E. Gravely
State Bar No. 00787582
mgravely@gplawfirm.com
Jonathan C. Lisenby
State Bar No. 24072889
jlisenby@gplawfirm.com

**ATTORNEYS FOR PLAINTIFF**

14

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____     COURT *(FOR CLERK USE ONLY):* _____

STYLED Kris Hospitality LLC d/b/a Days Inn v. Tri-State Insurance Company of Minnesota, James R. Amato and South Texas Claims and Appraisal Service, Inc.

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br>Marc Gravely | Email:<br>mgravely@gplawfirm.com | Plaintiff(s)/Petitioner(s):<br>Kris Hospitality d/b/a Days Inn | ☒ Attorney for Plaintiff/Petitioner<br>☐ Pro Se Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: |
| Address:<br>425 Soledad, Suite 600 | Telephone:<br>210-472-1111 | | Additional Parties in Child Support Case: |
| City/State/Zip:<br>San Antonio, Texas 78205 | Fax:<br>210-472-1110 | Defendant(s)/Respondent(s):<br>Tri-State Insurance Company of Minnesota<br>James R. Amato and South Texas<br>Claims and Appraisal Service, Inc. | Custodial Parent:<br><br>Non-Custodial Parent:<br><br>Presumed Father: |
| Signature: *Marc Gravely* | State Bar No:<br>00787582 | [Attach additional page as necessary to list all parties] | |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1):*

| Civil | | | Family Law | |
|---|---|---|---|---|
| | | | | **Post-judgment Actions** |
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **(non-Title IV-D)** |
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract: | ☒ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical | ☐ Eminent Domain/<br>Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property: | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☒ No Children | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other |
| *Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☒ Franchise<br>☒ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: | ☐ Other Professional<br>Liability:<br><br>☒ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☒ Other Product Liability<br>List Product:<br><br>☐ Other Injury or Damage: | **Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☒ Writ of Habeas Corpus—<br>Pre-indictment<br>☒ Other: ____ | **Other Family Law**<br>☒ Enforce Foreign<br>Judgment<br>☒ Habeas Corpus<br>☒ Name Change<br>☒ Protective Order<br>☒ Removal of Disabilities<br>of Minority<br>☒ Other: | **Title IV-D**<br>☒ Enforcement/Modification<br>☒ Paternity<br>☒ Reciprocals (UIFSA)<br>☐ Support Order<br><br>**Parent-Child Relationship**<br>☐ Adoption/Adoption with<br>Termination<br>☐ Child Protection<br>☐ Child Support<br>☒ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☒ Termination of Parental<br>Rights<br>☐ Other Parent-Child: |
| **Employment** | | **Other Civil** | | |
| ☒ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: | ☒ Administrative Appeal<br>☒ Antitrust/Unfair<br>Competition<br>☒ Code Violations<br>☒ Foreign Judgment<br>☒ Intellectual Property | ☐ Lawyer Discipline<br>☒ Perpetuate Testimony<br>☒ Securities/Stock<br>☒ Tortious Interference<br>☒ Other: ____ | | |

| Tax | | Probate & Mental Health | |
|---|---|---|---|
| ☒ Tax Appraisal<br>☒ Tax Delinquency<br>☒ Other Tax | *Probate/Wills/Intestate Administration*<br>☒ Dependent Administration<br>☒ Independent Administration<br>☒ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☒ Mental Health<br>☐ Other: ____ | |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1):*

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

**4. Indicate damages sought** *(do not select if it is a family law case):*

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees<br>
☐ Less than $100,000 and non-monetary relief<br>
☐ Over $100, but not more than $200,000<br>
☒ Over $200,000 but not more than $1,000,000<br>
☐ Over $1,000,000

CERTIFIED MAIL #70151660000043826487   **Case Number: 2016-CI-19263**

**KRIS HOSPITALITY LLC**

*Plaintiff*

vs.

**TRI-STATE INSURANCE COMPANY OF MINNESOT**

*Defendant*                                                   **CITATION**

(Note: Attached document may contain additional litigants).

**"THE STATE OF TEXAS"**

**DIRECTED TO:** TRI-STATE INSURANCE COMPANY OF MINNESOTA

2016CI19263  S00001

IN THE DISTRICT COURT
45th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

                    BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM
                    1999 BRYAN STREET STE 900
                    DALLAS TX 75201

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk
who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 3rd
day of November, 2016.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 4TH DAY OF NOVEMBER A.D., 2016.

PETITION

MARC E GRAVELY
ATTORNEY FOR PLAINTIFF
425 SOLEDAD ST 600
SAN ANTONIO, TX 78205



**Donna Kay McKinney**
**Bexar County District Clerk**
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Debra Cantu,* Deputy

                    ꟽ₁O  ‖−4−1ꟼ

Officer's Return

Came to hand on the  4th day of November 2016, A.D., at  9:38 o'clock A.M. and
EXECUTED (NOT EXECUTED) by  CERTIFIED MAIL, on the _____ day of _____, A.D.,
20___, by delivering to _____ a true copy of
this Citation, upon which I endorse the date of delivery, together with the
accompanying copy of the PETITION

Cause of failure to execute this Citation is _____.

                              **Donna Kay McKinney**
                              Clerk of the District Courts of
                              Bexar County, Texas

                    By: *Debra Cantu,* Deputy

                                        FILE COPY (DK003)

DOCUMENT  SCANNED  AS  FILED

CERTIFIED MAIL #70151660000043826487  **Case Number: 2016-CI-19263**

2016CI19263  S00001

**KRIS HOSPITALITY LLC**

*Plaintiff*

vs.

**TRI-STATE INSURANCE COMPANY OF MINNESOT**

*Defendant*                              **CITATION**

(Note: Attached document may contain additional litigants).

**"THE STATE OF TEXAS"**

**DIRECTED TO:** TRI-STATE INSURANCE COMPANY OF MINNESOTA

IN THE DISTRICT COURT
45th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

*3:22 FILED O'CLOCK __ M*
*NOV 1 4 2016*
*DONNA KAY McKINNEY*
*District Clerk, Bexar County, Texas*

BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM
1999 BRYAN STREET STE 900
DALLAS TX 75201

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 3rd day of November, 2016.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 4TH DAY OF NOVEMBER A.D., 2016.

PETITION

MARC E GRAVELY
ATTORNEY FOR PLAINTIFF
425 SOLEDAD ST 600
SAN ANTONIO, TX 78205



**Donna Kay McKinney**
**Bexar County District Clerk**

101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Debra Cantu*, Deputy

CRT
VB

---

Officer's Return

Came to hand on the 4th day of November 2016, A.D., at 9:38 o'clock A.M. and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the _10_ day of _NOV_, A.D., 20__, by delivering to _Chris Wells_ a true copy of this Citation, upon which I endorse the date of delivery, together with the accompanying copy of the PETITION

Cause of failure to execute this Citation is _____.

**Donna Kay McKinney**
Clerk of the District Courts of
Bexar County, Texas

By: *Debra Cantu*, Deputy

RETURN TO COURT (DK003)

DOCUMENT SCANNED AS FILED



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

## OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)      $
☐ Return Receipt (electronic)    $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required       $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage
$

TRI-STATE INSURANCE COMPANY OF MINNESOTA
C/O CT CORPORATION SYSTEM
1999 BRYAN STREET STE 900
DALLAS, TX  75201

2016C119263--11/4/2016  CITCH  DEBRA CANTU

CERTIFIED MAIL #70151660000043826494   **Case Number: 2016-CI-19263**

**KRIS HOSPITALITY LLC**

*Plaintiff*

vs.

**TRI-STATE INSURANCE COMPANY OF MINNESOT**

*Defendant*                                        **CITATION**

(Note: Attached document may contain additional litigants).

**"THE STATE OF TEXAS"**

**DIRECTED TO:** JAMES R AMATO

2016CI19263   S00002

IN THE DISTRICT COURT
45th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

1917 SPRINGBRANCH DRIVE
ARLINGTON TX 76006

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 3rd day of November, 2016.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 4TH DAY OF NOVEMBER A.D., 2016.

PETITION

MARC E GRAVELY
ATTORNEY FOR PLAINTIFF
425 SOLEDAD ST 600
SAN ANTONIO, TX 78205



**Donna Kay McKinney**
**Bexar County District Clerk**
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Debra Cantu,* Deputy

m I O  I I - 4 - L C

Officer's Return

Came to hand on the  4th day of November 2016, A.D., at  9:41 o'clock A.M. and EXECUTED (NOT EXECUTED) by  CERTIFIED MAIL, on the _____ day of _____, A.D., 20___, by delivering to _____ a true copy of this Citation, upon which I endorse the date of delivery, together with the accompanying copy of the PETITION

Cause of failure to execute this Citation is _____.

**Donna Kay McKinney**
Clerk of the District Courts of
Bexar County, Texas

By: *Debra Cantu,* Deputy

FILE COPY (DK003)

**DOCUMENT SCANNED AS FILED**

CERTIFIED MAIL #70151660000043826500  **Case Number: 2016-CI-19263**

2016CI19263   S00003

**KRIS HOSPITALITY LLC**

*Plaintiff*

vs.

**TRI-STATE INSURANCE COMPANY OF MINNESOT**

*Defendant*                                    **CITATION**

(Note: Attached document may contain additional litigants).

IN THE DISTRICT COURT
45th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**"THE STATE OF TEXAS"**

**DIRECTED TO:** SOUTH TEXAS CLAIMS AND APPRAISAL SERVICE INC

BY SERVING ITS REGISTERED AGENT, LEE T MASSEY
4407 WALZEM ROAD STE 101
SAN ANTONIO TX 78218

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 3rd day of November, 2016.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 4TH DAY OF NOVEMBER A.D., 2016.

PETITION

MARC E GRAVELY
ATTORNEY FOR PLAINTIFF
425 SOLEDAD ST 600
SAN ANTONIO, TX 78205



**Donna Kay McKinney**
**Bexar County District Clerk**
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Debra Cantu,* Deputy

M-O   11-4-16

---

Officer's Return

Came to hand on the 4th day of November 2016, A.D., at 9:42 o'clock A.M. and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the _____ day of _____, A.D., 20___, by delivering to _____ a true copy of this Citation, upon which I endorse the date of delivery, together with the accompanying copy of the PETITION

Cause of failure to execute this Citation is _____.

**Donna Kay McKinney**
Clerk of the District Courts of
Bexar County, Texas

By: *Debra Cantu,* Deputy

FILE COPY (DK003)

**DOCUMENT SCANNED AS FILED**

**✳✳✳✳  DUPLICATE  ✳✳✳✳**

## Bexar County
### District Clerk



Donna Kay McKinney

```
 TRANS #: 51          COL PT: WI
 BATCH #: 118469   BATCH DT: 11/30/2016
RCPT DATE: 11/30/2016  OFFICE: CHDC-D3GGC
=======================================
Receipt:04186396   Document:0003706691
Category:1034-dcCopies
Cause #:2016CI19263
Service:COPIES

Payor: MISSION
        COURIER

RDB


 KRIS HOSPITALITY LLC
         VS
 TRI-STATE INSURANCE COMPANY OF MINNESOTA
Court:0045
Receipt Amount:$22.00
-----------------------------------------

1037  Certified Copy          $22.00
              Total:          $22.00
=========================================

Tender Code:CS   Tender Amount:   $30.00
Tender Code:CS   Tender Amount:  ($8.00)

Total Transaction:$22.00
     Today's Date:11/30/2016 1:56
            By:    DC38795
            THANK YOU!
```

**✳✳✳✳  DUPLICATE  ✳✳✳✳**