UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| KRIS HOSPITALITY LLC, d/b/a DAYS INN,<br><br>*Plaintiff*,<br><br>*v.*<br><br>TRI-STATE INSURANCE COMPANY OF MINNESOTA, JAMES R. AMATO, and SOUTH TEXAS CLAIMS AND APPRAISAL SERVICE, INC.,<br><br>*Defendants*. | § § § § § § § § § § § § § § §   Civil Action No.  SA-16-CV-01229-XR |

**ORDER**

On this date, the court considered Plaintiff's Motion to Remand (Docket no. 7) and Defendants' Motion to Dismiss (Docket no. 4). After careful consideration, the court GRANTS Plaintiff's Motion to Remand and DISMISSES Defendant's Motion to Dismiss as moot. Accordingly, this case is hereby remanded to the state court.

**BACKGROUND**

Plaintiff Kris Hospitality d/b/a Days Inn owns a hotel located at 542 NE Loop 410, San Antonio, Texas 78216. Docket no. 7-1 at 3. Plaintiff brought this action in the 45th Judicial District Court of Bexar County, Texas on November 3, 2016, alleging that its property is covered by an insurance policy provided by Defendant Tri-State Insurance Company of Minnesota. *Id.* at 1, 3. Plaintiff alleges that in April 2016, the hotel property sustained "extensive damage" from a "wind/hail event," and that the Tri-State insurance policy covered the hotel property "against loss hail, wind and water damage, among other perils." *Id.*

1

Tri-State allegedly assigned Defendant James Amato, a claims adjuster, to "investigate and report on the loss" caused by the storm. *Id.* Amato allegedly instructed Mark Massey, an adjuster for Defendant South Texas Claims and Appraisal, to inspect, adjust, and report on the loss. *Id.* at 9. Plaintiff alleges that "Massey concluded and Amato adopted the opinion that the damage to Plaintiff's roof was cosmetic." *Id.* Plaintiff claims that because of this conclusion, it "has suffered property damage which has not been paid." *Id.* at 4. Plaintiff asserts four state law causes of action: (1) breach of contract against Tri-State; (2) breach of the duty of good faith against Amato; (3) violations of the Texas Insurance Code against Amato and South Texas Claims; and (4) violations of the Texas DTPA against Amato and South Texas Claims.

On December 5, 2016, Defendant Tri-State removed the action to this court on the basis of diversity jurisdiction. Docket no. 1. Plaintiff Kris Hospitality and Defendants James Amato and South Texas Claims are all Texas citizens. Docket no. 7-1 at 2. Defendant Tri-State is an Iowa citizen. *Id.* Tri-State asserts that complete diversity exists, despite the presence of Defendants Amato and South Texas Claims because these non-diverse defendants were improperly joined. *Id.* at 2-8. On December 12, Defendants Amato and South Texas Claims moved to dismiss the case for failure to state a claim, arguing that Plaintiff failed to allege facts sufficient to "form a reasonable basis that it may recover against Amato and South Texas Claims for violations of the Texas Insurance Code or the Texas DTPA." Docket no. 4 at 3. On January 4, 2017, Plaintiff moved to remand, asserting that there was no basis for federal jurisdiction because Defendants Amato and South Texas Claims were properly joined. Docket no. 7. On January 11, Defendant Tri-State filed a response to Plaintiff's motion, opposing remand on two grounds. Docket no. 8. First, Defendant Tri-State argues that Plaintiff has not pled "sufficient facts to maintain a viable claim against non-diverse Defendants." *Id.* at 1. Second, Defendant

2

alleges that Plaintiff has not pled "an injury independent of the wrongful denial of policy benefits." *Id.* The court now turns to the pending motions.

## DISCUSSION

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). On motion to remand, the court must consider whether removal was proper. In order for removal to be proper, a district court must have original jurisdiction over the removed action. *See id.*

Federal district courts have original jurisdiction over civil actions if the parties are diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). There is no dispute regarding the amount in controversy, which is alleged to be in excess of $75,000. Docket no. 14 at 1. The citizenship of the parties is also undisputed—Plaintiff Kris Hospitality and Defendants James Amato and South Texas Claims are all Texas citizens, and Defendant Tri-State is an Iowa citizen. Docket no. 7-1 at 2.

There are two ways to establish improper joinder: "(1) the plaintiff *has* stated a claim against a diverse defendant that he fraudulently alleges is non[-]diverse, or (2) the plaintiff *has not* stated a claim against a defendant that he properly alleges is non[-]diverse." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016) (citing *Smallwood v. Ill. Cert. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)) (emphasis in original). Because Amato and South Texas Claims are in fact non-diverse, the second type of improper joinder is at issue, and the court must determine whether Plaintiff has stated a cause of action against these defendants. *See id.*

The burden of demonstrating improper joinder is a heavy one and is placed on the party seeking removal. *See McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005). In order to meet this burden, the removing party must show that there is no reasonable basis to predict that the plaintiff might be able to recover against a non-diverse defendant. *See Int'l Energy*, 818 F.3d at 199; *see also Smallwood*, 385 F.3d at 573 ("[T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant.").

The Fifth Circuit requires that "decisions about removal . . . be made on the basis of federal law, not state law"; therefore, courts use a Rule 12(b)(6)-type analysis when determining whether a plaintiff may reasonably recover. *Int'l Energy*, 818 F.3d at 202; *see Smallwood*, 385 F.3d at 573 ("If a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."). Further, the court must resolve "all . . . factual allegations," "all contested issues of substantive fact," and "all ambiguities in the controlling state law" in the plaintiff's favor. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)) (internal quotation marks omitted). In other words, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

Here, Tri-State, the removing party, has the burden of establishing that there is no reasonable basis to predict that Plaintiff might recover against the non-diverse defendants. *See Int'l Energy*, 818 F.3d at 199. In its notice of removal, Tri-State argues that "[i]n order to state a claim against adjusters such as Defendants Amato and South Texas Claims, a plaintiff 'must allege that [the adjuster defendant] as an individual, committed the violation that caused the harm.'" Docket no. 1 at 3. Tri-State further asserts that "Plaintiff has failed to plead facts that

would provide the Court a reasonable basis to conclude Plaintiff has a valid claim against Defendants Amato and South Texas Claims" because "Plaintiff's pleading merely contains vague and conclusory statements with little to no factual support." *Id.* at 4.

Plaintiff alleges the following state law causes of action against Defendants Amato and South Texas Claims: (1) violations of § 541.060 of the Texas Insurance Code; (2) violations of the Texas Deceptive Trade Practices Act; and (3) breach of the common law duty of good faith by Defendant Amato.[1] Docket no. 7-1 at 8-12. "Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Smallwood*, 385 F.3d at 573. Thus, the court will analyze the sufficiency of the factual allegations of Plaintiff's claims.

### a. Alleged Violations of the Texas Insurance Act

Plaintiff appears to allege that Defendants Amato and South Texas Claims violated Tex. Ins. Code §§ 541.060(a)(2)(A), 541.060(a)(3), 541.060(a)(4)(A), and 541.060(a)(7). Docket no. 7-1 at 9 (alleging general violations of §541.060 while pointing to specific statutory language without specific citation). Texas law recognizes suits against insurance adjusters in their individual capacities for violations of the Insurance Code. *Moore v. State Farm Mut. Auto Ins. Co.*, 2012 U.S. Dist. LEXIS 127564, *11 (S.D. Tex. Sept. 6, 2012) (citing *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486 (Tex. 1998)). According to Tex. Ins. Code § 541.002, adjusters are considered "persons" for purposes of the statute; further, the statute holds that individual violators may be held personally liable. *Moore*, 2012 U.S. Dist. LEXIS 127564, at *11.

Plaintiff's original complaint alleges:

---

[1] Plaintiff does not assert a breach of duty of good faith claim against Defendant South Texas Claims. Docket no. 7-1 at 8, 10.

> [Defendants'] conduct described herein violates the following provisions of the Texas Insurance Code:
> - Insurance Code chapter 541, section 541.060 by, among other things
> - failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;
> - failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claims
> - refusing to affirm or deny coverage within a reasonable time; and/or
> - refusing to pay Plaintiff's claim without conducting a reasonable investigation.

Docket no 7-1 at 9, 11-12. Although these allegations, without more, would constitute "near verbatim recitations of the statute itself," *Moore*, 2012 U.S. Dist. LEXIS 127564, at *14, Plaintiff goes on to allege further facts, stating that:

> [Defendants] failed to conduct a reasonable investigation. Instead of evaluating the damage objectively, [Defendants] looked for ways to underpay Plaintiff's claim and conducted a pretextual investigation . . . it was reasonably clear that damage was from the storm…it was reasonably clear that the damage was more than superficial and would prevent the roof from continuing to function as a barrier to entrance of the elements to the same extent as it did before the damage occurred.

Docket no. 7-1 at 8-9; 11. These facts constitute "actionable allegations specifically directed at [the adjuster]." *Moore*, 2012 U.S. Dist. LEXIS 127564, at *15 (quoting *Sargent v. Safeco Ins. Co. of Ind.* 2011 U.S. Dist. LEXIS 20608, *14 (S.D. Tex. March 2, 2011). In *Moore*, the court denied a motion to remand where the plaintiff merely listed bullet points of conclusory statements tracking the Insurance Code and the DTPA. 2012 U.S. Dist. LEXIS 127564, at *14. By contrast, Plaintiff here alleges facts, which it purports connect the adjuster's individual actions to the Plaintiff's alleged harm.[2]

---

[2] *Compare Moore*, 2012 U.S. Dist. LEXIS 127564, at *14-15 ("the allegations . . . fail to allege what actions are attributable to [the defendant as an] individual and are near verbatim recitations of the statute itself.") *with Sargent*, 2011 U.S. Dist. LEXIS 20608, at *3 (holding that the plaintiff alleged sufficient facts where plaintiff "alleges that [defendant] was assigned an individual adjuster . . . conducted a substandard investigation . . . prepared a report that failed to include all . . . damages [and] undervalued damages . . . [which] led to the underpayment of [plaintiff's] claim.").

Tri-State argues that Plaintiff fails to plead facts sufficient to maintain valid claims against Amato or South Texas Claims in three ways. First, Tri-State argues that Plaintiff would be unable to recover because adjusters may not be sued under certain provisions of Tex. Ins. Code § 541.060. Docket no. 4-7. However as previously mentioned, adjusters are considered persons "engaged in the business of insurance" and therefore may be sued in their individual capacities. TEX. INS. CODE § 541.002(2); *Moore*, 2012 U.S. Dist. LEXIS 127564, *11; *Gasch*, 491 F.3d at 282.

Defendant Tri-State next argues that because Plaintiff does not provide facts showing that the non-diverse defendants had the authority to settle, the claim under § 541.060(a)(2)(A) is not viable. Docket no. 8 at 4. Defendant points to *Montoya v. State Farm Mut. Auto Ins. Co.*, 2016 U.S. Dist. LEXIS 141322 (W.D. Tex. Oct. 12, 2016) for support. *Id.* However, *Montoya* is distinguishable from the present case; the defendant in *Montoya* was a lawyer hired by State Farm, but was not an actual insurance adjuster. *Montoya*, 2016 U.S. Dist. LEXIS 141322, at 13 ("[T]his Court need not decide whether an attorney appointed to represent an insured is analogous to an adjuster under the Texas Insurance Code"). The plaintiffs in *Montoya* unsuccessfully likened the lawyer–defendant to an adjuster for "punitive" purposes. *Id.* at 11-12; 18. In the present case, the Plaintiff maintains causes of action against alleged insurance adjusters, rather than adjusters created by legal fiction, such as the lawyer in *Montoya*.

Defendant is correct in stating that the *Montoya* court found "there is no liability under §541.060(a)(2) absent the authority to settle." Docket no. 8 at 4. However, Defendant is incorrect in its assertion that "[n]owhere does Plaintiff allege facts suggesting either Amato or South Texas Claims had authority to settle its claim." Docket no. 8 at 5. In its original complaint, Plaintiff alleges that "Amato has refused to pay or delayed in paying a claim . . . or offered

grossly inadequate and unconscionable sums to settle the claims submitted by Plaintiff." Docket no 7-1, at 10. These statements constitute factual allegations indicating that Amato had the authority to settle. *See Mehar Holdings, LLC v. Evanston Ins. Co.*, No. 516-CV-491, 2016 U.D. Dist. LEXIS 142592 at *10-11 (W.D. Tex. Oct. 14, 2016) (acknowledging the split among federal district courts in Texas over whether Tex. Ins. Code § 541.060(a)(2)(A) applies to insurance adjusters, but ultimately resolving the "ambiguities against removal and in favor of remand").

Last, Defendant Tri-State contends that in order to maintain a cause of action under the Insurance Code or the DTPA, Plaintiff must claim harm other than denial of policy benefits in order to recover extra-contractual damages. *See* Docket 1 at 4. Even if this were true, Plaintiff has sufficiently claimed contractual damages in addition to these non-contractual damages, thereby making Defendant's argument irrelevant for the purposes of an improper joinder analysis. Notably, the Fifth Circuit certified a question to the Texas Supreme Court asking whether there exists "a cause of action under the Texas Insurance Code where the insurer wrongfully denied the policy benefits but caused the insured no damages other than those denied benefits." Docket no. 7 at 8 (citing *In re Deepwater Horizon*, 807 F.3d 689, 698-99 (5th Cir. 2015)). Although *In re Deepwater Horizon* settled before the Texas Supreme Court provided an answer, the Court heard oral arguments on a similar matter in October 11, 2016, but has yet to hand down a decision. Docket no. 7 at 8 (citing *USAA Tex. Lloyd's Co. v. Menchaca*, 2014 Tex. App. 8250, (Tex. App.—Corpus Christi, July 31, 2014, pet. granted, 2016 Tex. LEXIS 737 (Tex. Sept. 2, 2016) (No. 14-0721))).

In sum, Plaintiff has pled facts that would provide the court a reasonable basis to conclude Plaintiff has a valid claim against Defendants Amato and South Texas Claims; thus,

these properly joined defendants' citizenship should be considered when determining whether the parties have complete diversity under 28 U.S.C. § 1332(a). Docket no. 1 at 4. Because Amato and South Texas Claims are not diverse from the Plaintiff, diversity jurisdiction is defeated and the case may be properly remanded to state court.

### b. Alleged Violations of the Texas Deceptive Trade Practices Act

Plaintiff has sufficiently pled its DTPA cause of action against the non-diverse defendants. The DTPA provides that "the use or employment by any person of an act or practice in violation of Chapter 541, Insurance Code" is a violation of the DTPA itself. TEX. BUS. & COM. CODE § 17.50(a)(4); *see also Moore*, 2012 U.S. Dist. LEXIS 127564, at *11 (quoting TEX. BUS. & COM. CODE §§ 17.46(b), 17.50(a)(4); TEX. INS. CODE §5 41.151(2)). And as with the Texas Insurance Code, adjusters are considered persons under the DTPA, and may therefore be held personally liable for their individual actions. *See Moore*, 2012 U.S. Dist. LEXIS 127564, at *11. In Plaintiff's initial complaint, Plaintiff "re-allege[d] the foregoing paragraphs," referring to the factual allegations detailed above. Docket no. 7-1 at 8-9. Plaintiff further claims that:

> [Defendants] violated the provisions of the DTPA, including the following:
> - Violations of Texas Insurance Code as set forth above;
> - Misrepresenting the terms of an agreement;
> - Engaging in an unconscionable act or course of action

Docket no. 7-1 at 10, 12. Similar to the analysis above, when combined with Plaintiff's factual allegations, these statements become more than "vague or conclusory," and instead show "a possibility that a state court would find a cause of action against" any one of the non-diverse defendants. Docket no. 7 at 4 (quoting *B., Inc.*, 663 F.2d at 545). Thus, Defendant has not met its burden of proving that there is no reasonable possibility of Plaintiff's recovery against the non-diverse defendants, and remand is therefore proper. *Smallwood*, 385 F.3d at 573.

### c. Alleged Breach of the Duty of Good Faith

Plaintiff claims that Defendant Amato breached the duty of good faith and fair dealing. In its complaint, Plaintiff alleges:

> Amato has refused to pay or delayed in paying a claim after liability has become reasonably clear. Amato has refused to pay, delayed in paying or offered grossly inadequate and unconscionable sums to settle the claims submitted by Plaintiff. This constitutes a breach of its common law duty of good faith and fair dealing.

Docket no. 1-1 at 10.

Defendant Tri-State contends that "a petition that alleges the same offending conduct by both the carrier and the adjuster, producing the same injury, fails to state actionable conduct by the non-diverse defendant." Docket no. 1 at 4. Assuming that Defendant was referring to Plaintiff's "bad faith" claim, Defendant is correct that adjusters and the insured do not have the requisite special relationship for a "bad faith" claim.

This court addressed this issue in *Zimmerman v. Travelers Lloyds of Texas Ins. Co.*, 5:15-CV-325-XR, 2015 WL 3971415, at *3 (W.D. Tex. June 30, 2015). In *Zimmerman*, the plaintiff owned a house in San Antonio that was insured by Defendant Travelers Insurance. *Id.* at *1. Kronk, an insurance adjuster with Travelers, inspected plaintiff's roof damage claims—one for the roof of the main house, and another for the roof of a "cabana" on the property. *Id.* Travelers paid for the roof of the house, but not for the alleged damage to the cabana. *Id.* After the denial of this initial insurance claim, a tree branch fell onto a vent on the cabana which allegedly allowed water to leak in. *Id.* The plaintiff brought suit against the insurance company and the adjuster, claiming that Kronk had violated the duty of good faith and fair dealing. *Id.* at 2.

This court held that the plaintiff had no reasonable basis for a claim for breach of duty of good faith where the plaintiff had not established that the requisite special relationship existed with the adjuster. *Zimmerman*, 2015 WL 3971415, at *3; *Aetna Casualty & Sur. Co. v. Garza*,

10

906 S.W.2d 543, 551-52 (Tex. App. 1995). The same applies here. "In Texas, a duty of good faith and fair dealing does not exist in the insurance context without a contract creating a special relationship between the parties." *Id.* at \*3 (quoting *Natividad v. Alexsis, Inc.*, 875 S.W.2d 675, 678 (Tex. 1994)). Because insurance adjusters to not typically sign any contract with the insured, adjusters do not typically owe a duty of good faith to the insured. *See Zimmerman*, 2015 WL 3971415, at \*3 (citing *Great W. Inn v. Certain Underwriters at Lloyds of London*, No. CIV. A. H-11-320, 2011 WL 1157620, at \*5 (S.D. Tex. Mar. 24, 2011)). Plaintiff in the present case has not pled facts indicating that it entered into a contract with Defendant Amato. Therefore, Defendant Amato cannot owe any duty of good faith to Plaintiff. Because Plaintiff sufficiently pled claims against Amato and South Texas Claims for alleged violations of the Insurance Code and the DTPA, however, the court nevertheless must remand. *See Int'l Energy*, 818 F.3d at 202.

## CONCLUSION

Plaintiff's motion to remand (Docket no. 7) is GRANTED. Defendants' motion to dismiss (Docket no. 4) is DISMISSED as moot. *See Int'l Energy*, 818 F.3d at 209 ("[A]s long as a non[-]diverse party remains joined, the *only* issue the court may consider is that of jurisdiction itself.") (emphasis in original). This case is hereby REMANDED to the state court.

It is so ORDERED.

SIGNED this 31st day of January, 2017.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE